UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81262-ROSENBERG

KEVIN JOYCE,

    Plaintiff,

v.

FOREST RIVER, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Forest River, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint. DE 30. The Motion has been fully briefed. The Court has reviewed the Motion, the Response, DE 32, and the Reply, DE 35, and the record and is otherwise fully briefed in the premises. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Motion. The Court finds that the Amended Complaint is not a shotgun pleading but suffers from other significant deficiencies: Count II is time-barred, and Count IV and Count V are indistinguishable from Count I.

### I.     Factual Allegations

The Court accepts as true the following facts from Plaintiff Kevin Joyce's Amended Complaint. On June 16, 2020, Plaintiff purchased a motor home from its manufacturers, Defendants Forest River, Inc., and Freightliner Custom Chassis Corporation, through an authorized dealer of the motor home. DE 1 at ¶¶ 5, 8. Once in possession of the motor home, Plaintiff discovered a multitude of defects, including a defective air conditioning system, alignment issues, inoperable headlights, and power issues. *Id.* at ¶¶ 14, 16. Plaintiff brought the

motor home for repair to various authorized repair shops of Defendants. *Id.* at ¶ 15. They were unable to fix the motor home's defects. *Id.*

Pursuant to each Defendant's warranty agreement, Plaintiff began arbitration proceedings in Palm Beach County, Florida with Defendants. *Id.* at ¶¶ 1, 17–19. The proceedings resulted in a decision at least in part in Defendants' favor. *Id.* at ¶ 24.

Plaintiff filed the instant case on July 28, 2023, appealing the arbitration decision and requesting, as to Count I, a trial *de novo* pursuant to Fla. Stat. §§ 681.1095 (10) and (12). DE 1-1 at 2; DE 28 at ¶¶ 23–28. As to Forest River, Plaintiff also alleges Count II, a breach of a written warranty claim pursuant to the Magnuson-Moss Warranty Enforcement Act (the "MMWA"), and Count IV, a claim for remedies pursuant to Fla. Stat. § 681. *Id.* at ¶¶ 29–38, 49–52. As to Freightliner Custom Chassis Corporation, Plaintiff alleges the same: Count III, a breach of a written warranty claim pursuant to the MMWA, and Count V, a claim for remedies pursuant to Fla. Stat. § 681. *Id.* at ¶¶ 39–48, 53–56.

## II. Parties' Arguments

Forest River filed a Motion to Dismiss Plaintiff's Amended Complaint for four reasons. DE 30. First, Forest River argues Plaintiff's Amended Complaint is a shotgun pleading because it fails to attribute the factual allegations to specific defendants. *Id.* at 3–5. Second, as to the sufficiency of Plaintiff's causes of action, Forest River argues that Count II is time-barred, Count IV is not a valid claim, and any request for incidental and consequential damages should be stricken from the Amended Complaint. *Id.* at 5–16.

Plaintiff raises arguments in opposition of Forest River's Motion to Dismiss. DE 32. Plaintiff contends his Amended Complaint is not a shotgun pleading because it is possible to identify which facts support each legal theory. *Id.* at 4. And Plaintiff contends Count II is not time-

2

barred, Count IV is a valid claim, and the inclusion incidental and consequential damages is valid. *Id.* at 5–14.

### III. The Amended Complaint is Not a Shotgun Pleading.

Though the Amended Complaint's causes of action are separated by Defendant, Forest River argues the Amended Complaint is a shotgun pleading because each cause of action fully incorporates all factual allegations, and therefore does not specify the acts or omissions for which each Defendant is responsible. DE 30 at 3–5. Specifically, Forest River identifies paragraphs 7-13 and 15-19 as commingled allegations that are then incorporated into every cause of action. *Id.* at 4.

Federal Rules of Civil Procedure Rule 8(a)(2) requires "a short and plain statement that fairly notifies defendants of the claims against them and the supporting grounds of those claims." *Dressler v. Equifax, Inc.*, 805 F. App'x 968, 972 (11th Cir. 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Shotgun pleadings fail to meet this standard, in that through a variety of hallmarks, they make it "virtually impossible" for defendants to understand which allegations of fact support which causes of action. *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015). These hallmarks of confusion include containing many causes of action that adopt the allegations of other causes of action, containing many "conclusory, vague, and immaterial facts" disconnected from specific causes of action, not separating "causes of action into separate counts," and containing multiple causes of action and defendants while not specifying "which defendants are responsible for which acts and omissions." *Id.* at 1320.

But the Amended Complaint does not bear any of these hallmarks of confusion. Where needed, the causes of action are separated by Defendant.[1] Forest River is the only Defendant that argues the commingled facts are sufficiently vague to create confusion—Defendant Freightliner Custom Chassis Corporation filed an answer. Yet the Amended Complaint is clear as to Forest River's role: Plaintiff alleges that he bought a defective motor home from the motor home company, Forest River, and the company responsible for the motor home's chassis, Freightliner Custom Chassis Corporation. The motor home remained defective even after taking it for repair to authorized repair shops of both manufacturers. Plaintiff would not necessarily know which defects were caused by which Defendants since the allegations concern the motor home's manufacture and repair—time periods which are likely outside of Plaintiff's personal knowledge. These acts arguably are within the knowledge of Forest River, Freightliner, and their authorized dealers and repair shops.[2]

### IV.   Certain Counts Fail to State a Claim.

The Court turns to Forest River's three remaining arguments for dismissal of the Amended Complaint. First, Forest River argues Count II, the MMWA cause of action, is time-barred by the limited warranty between Plaintiff and Forest River (the "Limited Warranty") because Plaintiff filed the instant action almost two years after the contractual limitations period expired. DE 30 at 5. Second, Count IV, requesting relief pursuant to Fla. Stat. § 681, fails to state a specific cause of action; but if it is a valid cause of action, Count IV is duplicative of Count I, requesting a trial *de novo* pursuant to Fla. Stat. § 681.1095 (10) and (12). *Id.* at 2, 15. And third, the Limited

---

[1] Only one cause of action does not specify one of the two Defendants: the petition for trial *de novo* of the previous arbitration decision. DE 1 at ¶¶ 23–28. But there can be no confusion related to this cause of action— both Defendants were part of the arbitration proceedings.

[2] In the event the Court permits Plaintiff to amend his pleading in the future, Plaintiff could more clearly specify which allegations apply to each Defendant.

Warranty expressly disclaims incidental and consequential damages and, therefore, those damages should be stricken from the Amended Complaint in whatever counts survive. *Id.* at 7, 15–16.

In analyzing the sufficiency of claims, a court may dismiss a complaint that fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### a. Count II, the MMWA Claim, is Time-Barred.

Forest River's argument that the MMWA claim is time-barred follows. Plaintiff's MMWA claim is premised on Forest River's alleged breach of the Limited Warranty. DE 1 at ¶ 37. But the Limited Warranty requires that any "action to enforce express or implied warranties [] be commenced" no later than one year and ninety days after the date of Plaintiff's purchase. DE 30 at 7–8. Since Plaintiff purchased the motor home on June 16, 2020, the contractual limitations period expired on September 16, 2021. *Id.* Therefore, when Plaintiff filed this suit on July 28, 2023, the MMWA claim was time-barred. *Id.* Plaintiff attacks this chain of logic with multiple arguments. The Court addresses each.

First, Plaintiff argues his MMWA claim is not based on the Limited Warranty but on Florida's Lemon Law. However, Plaintiff's Amended Complaint expressly correlates his MMWA claim against Forest River to the Limited Warranty. *See* DE 23 at ("As a direct and proximate result of Manufacturer's failure to comply with *its written warranty* by failing to repair the motor vehicle, Consumer has suffered damages and, in accordance with 15 U.S.C. § 2310 (d)(1), consumer is entitled to bring suit for such damages and other legal and equitable relief.") (emphasis added). Plaintiff cannot now, in responsive briefing, change the basis for his cause of action.

5

Next, Plaintiff attacks the Limited Warranty's choice-of-law provision selecting Indiana law, upon which the contractual limitations period is based.[3] Plaintiff argues the Limited Warranty's choice-of-law provision is unconscionable because: the Limited Warranty was a contract of adhesion, insofar as he had to accept all terms or reject purchase of the motor home; the choice-of-law provision was not provided with the purchase contract and was hidden in the Limited Warranty's terms; and because arbitration was to take place in Florida, he assumed Florida law applied. DE 32 at 6.

Under both Florida and Indiana law, a contract of adhesion is not *per se* unconscionable; for a contract to be unconscionable, more is required such as deceptive sales practices or important terms hidden within the fine print of a contract. *Powertel, Inc. v. Bexley*, 743 So. 2d 570, 574 (Fla. Dist. Ct. App. 1999); *see also Sanford v. Castleton Health Care Ctr., LLC*, 813 N.E.2d 411, 417 (Ind. Ct. App. 2004) ("Rather, a contract is unconscionable if a great disparity in bargaining power exists between the parties, such that the weaker party is made to sign a contract unwillingly or without being aware of its terms."). Additionally, under both Florida and Indiana law, ignorance of the contents of a contract due to failure to read a contract is not a defense against a contract's enforcement. *Allied Van Lines, Inc. v. Bratton*, 351 So. 2d 344, 347 (Fla. 1977); *Stewart v. Cleveland, C., C. & St. L. R. Co.*, 21 Ind. App. 218, 52 N.E. 89, 90 (1898).

The Court is unpersuaded that the Limited Warranty's choice-of-law provision is unconscionable. Plaintiff alleges he received the Limited Warranty, and he includes the Limited Warranty as an attachment to his Amended Complaint.[4] DE 28 at ¶ 11. The attachment includes

---

[3] Pursuant to *Burroughs Corp. v. Suntogs of Miami, Inc.*, 472 So. 2d 1166, 1167–68 (Fla. 1985), Florida law permits parties to contract for a shorter limitations period under the law of other states.

[4] Forest River attaches a different limited warranty and argues it is applicable. The Court must accept the Plaintiff's Amended Complaint and its attachments as true. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.") (internal citation omitted).

the choice-of-law provision in its own paragraph at the top of the second page, immediately under the section directing the consumer to where to send notice of any dispute or claim. DE 28 at 51. The provision appears as follows.

> **NOTICE** of any dispute or claim arising under this warranty or any applicable Federal or State laws must be sent to Warrantor at: Forest River Inc., 55470 CR 1, P.O. Box 3030, Elkhart, Indiana 46515-3030
>
> The terms, conditions, rights and responsibilities of this warranty shall be governed by the laws of the State of Indiana notwithstanding any other state laws.
>
> **WARRANTOR'S OBLIGATIONS:** Warrantor will remedy substantial defects in materials and workmanship caused by Warrantor. Warrantor shall elect to remedy the defect from among the following: repair or replacement. Warranty

This choice-of-law provision is not unconscionable as it is neither absent nor hidden. The Court applies Indiana law to its analysis of the Limited Warranty.

Next, Plaintiff argues Forest River is equitably estopped from asserting a contractual limitations defense because Forest River engaged in "misconduct" that "caused [Plaintiff] to believe in the existence of a certain state of things, and thereby induced him to act on this belief injuriously to himself, or to alter his own previous condition to his injury, i.e., Forest River engaged in knowing conduct indicating an intent to lull [Plaintiff] into a disadvantageous legal position and prevent[ing] [Plaintiff] from filing his lawsuit within the applicable statute of limitations." DE 32 at 10. No part of Plaintiff's argument identifies Forest River's misconduct and thus, the Court finds Plaintiff's equitable estoppel argument unpersuasive.

Plaintiff next argues that Ind. Code Ann. § 24-5-13-23, part of Indiana's Motor Vehicle Protection Act, mandates a two-year statute of limitations following the date of first report of nonconformity to a manufacturer, such that Plaintiff's claims are timely. But this statute does not apply to motor homes. *See* Ind. Code Ann. § 24-5-13-1 (West) (stating Title 24, Article 5, Chapter 13 only applies to "motor vehicles" and "methamphetamine vehicles" within certain requirements) *and* Ind. Code Ann. § 24-5-13-5 (West) (expressly excluding "motor homes" from the definition of "motor vehicle" or "vehicle" in Chapter 13).

7

Lastly, Plaintiff argues that Ind. Code Ann. § 26-1-2-725(3) tolled the contractual limitations period during the pendency of arbitration proceedings and granted him six months from the end of arbitration proceedings to file an action in court. DE 32 at 10. Therefore, his entire action, including the MMWA claim, is timely. *Id.*

Indiana law, in relevant part, states:

Sec. 725. (1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it.

. . .

(3) *Where an action commenced within the time limited by subsection (1) is so terminated* as to leave available a remedy by another action for the same breach, such other action may be commenced after the expiration of the time limited and within six (6) months after the termination of the first action, unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

Ind. Code Ann. § 26-1-2-725 (West) (emphasis added).

Plaintiff argues his first action was the arbitration proceeding. But this cannot be. Indiana law defines "action" in Indiana Code 26-1 as "in the sense of a judicial proceeding includ[ing] recoupment, counterclaim, setoff, suit in equity, and any other proceedings in which rights are determined" unless the context "requires" another meaning. Ind. Code Ann. § 26-1-1-201(1) (West). The use of the word "action" in Ind. Code Ann. § 26-1-2-725(3) does not require a broader meaning than judicial proceedings: in discussing potential termination options for an action, the statute lists judicial proceeding outcomes such as voluntary discontinuance and dismissal for failure or neglect to prosecute. Therefore, the Court interprets "action" in Ind. Code Ann. § 26-1-2-725(3) to refer to judicial proceedings, and arbitration is not a judicial proceeding. *See McDonald v. City of W. Branch, Mich.*, 466 U.S. 284, 288 (1984) (stating that arbitration is not a judicial proceeding). Since Plaintiff did not file his MMWA claim in a court before the one-year-

8

and-ninety-day contractual limitations period expired, Ind. Code Ann. § 26-1-2-725(3) does not apply.

In sum, the Limited Warranty's contractual limitation bars Count II of the Amended Complaint. Accordingly, the Court **DISMISSES** Count II from the Amended Complaint.

### b. Count IV, Fla. Stat. § 681 Against Forest River and the Identical Count V Against Freightliner are Indistinguishable from Count I.

Forest River argues Count IV of the Amended Complaint, "Florida Statute 681 Against Forest River Inc." fails to state a valid cause of action. DE 30 at 15. Alternatively, if it does state a cause of action, Forest River argues that the cause of action is indistinguishable from Count I, a petition for trial *de novo* pursuant to Fla. Stat. § 681.1095 (10) and (12). *Id.* at 2.

Plaintiff's Response does not contradict Forest River's argument that Count IV is indistinguishable from Count I insofar as Count IV is based on Florida's Lemon Law, which grants one who is unsuccessful in certain types of arbitration proceedings the right for a trial *de novo*—the very request in Count I. Additionally, Plaintiff only cites to Fla. Stat. § 681.1095 (12) as the statutory basis for Count IV, which is the same statutory basis for Count I's cause of action. Since Plaintiff concedes that Count IV is indistinguishable from Count I, the Court **DISMISSES** Count IV. The Court also **DISMISSES** Count V against Freightliner because that count is, for the same reasons, duplicative of Count I. *See, e.g.*, *Allen-Armbrister v. Colonial Pipeline Co.*, No. 17-CV-5320, 2019 WL 11583393 (N.D. Ga. Mar. 15, 2019) (courts routinely refuse to permit duplicative counts).

### c. Plaintiff is Not Entitled to Seek Consequential and Incidental Damages.

Forest River's final argument is that any request for incidental and consequential damages based on Forest River's purported breach of the Limited Warranty should be dismissed or stricken because the Limited Warranty expressly disclaims those type of damages. DE 30 at 15. To this,

9

Plaintiff responds that the disclaimer is unconscionable and "unconscionability is a factual question that cannot be decided on a motion to dismiss." DE 32 at 13–14.  So, the request should survive to be decided at summary judgment. *Id.*

Because the Court has concluded that no cause of action based on the Limited Warranty survives, the Court must consider whether Florida's Lemon Law grants consumers consequential and incidental damages.  In *Chrysler Corp. v. Pitsirelos*, the Florida Supreme Court in discussing Florida's Lemon Law outlined its understanding of the statutory remedies available to consumers. 721 So. 2d 710 (Fla. 1998).  The Court stated the Lemon Law only provides consumers with "replacement and refund remedies," seeking "to place consumers in the position they would have been had the vehicle conformed to the warranty or the position they would have been [] had they not purchased the vehicle." *Id.* at 714–15; *see also* Fla. Stat. § 681.101 (The Florida Legislature's intent is "to provide the statutory procedures whereby a consumer may receive a replacement motor vehicle, or a full refund, for a motor vehicle which cannot be brought into conformity with the warranty provided for in this chapter.")  The only time the statutory scheme allows for greater recovery is when a manufacturer appeals an arbitration decision in favor of the consumer. *Id.* Then, a consumer can recover attorney's fees incurred during the trial *de novo* appeal and "expenses relating to the loss of use of the vehicle during the pendency of the trial *de novo* appeal proceeding." *Id.* at 714; *see also* Fla. Stat. § 681.1095(13) ("If a decision of the board in favor of the consumer is upheld by the court, recovery by the consumer shall include . . . all costs and continuing damages . . . beyond the 40-day period following the manufacturer's receipt of the board's decision.").  Since Plaintiff appealed the arbitration board's decision, the most he can recover under the Lemon Law is the replacement or refund of his motor home.  Thus, the Court

10

**STRIKES** any reference to incidental and consequential damages in Count I of the Amended Complaint.

For the foregoing reasons, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss, DE 30, is **GRANTED IN PART** insofar as Counts II, IV, and V are **DISMISSED** as more fully set forth in this Order.

2. Defendant Forest River shall file an answer to Count I within ten days of the date of rendition of this Order.

3. As to Count I, all references to incidental and consequential damages are **STRICKEN** from the Amended Complaint. The Court expresses no opinion on the damages available to Count III.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of February, 2024.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE